**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JEROME SHAW** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 4:26-cv-78-JMV**

**VIKING RANGE LLC** **DEFENDANT**

# ORDER

This Title VII gender discrimination matter is before the Court on Defendant, Viking Range LLC's Motion for Judgment on the Pleadings [Doc. 31] pursuant to Fed. R. Civ. P. 12(c) and L.U. Civ. R. 7(b). The motion has been fully briefed, and the Court is prepared to rule. As is explained more fully below, the undersigned finds that the Complaint does not plead sufficient facts from which it can be plausibly inferred that the reason Plaintiff Jerome Shaw's employment at Viking was terminated was because he is a male, as required for adequately pleading gender discrimination under Title VII.

## The Complaint

In his Complaint, Mr. Shaw alleges, as relevant here, only the following. Mr. Shaw is a male and was hired by Viking in 2005 as a Quality Inspector. [Doc. 1] ¶¶ 6-7. He was promoted to Warehouse Supervisor in mid-2025. *Id.* ¶ 8. He was terminated on March 31, 2026. *Id.* ¶¶ 9-10. His supervisor informed him that he was terminated for leaving work in a company truck without notifying anyone and for stealing time. *Id.* ¶ 10. Plaintiff adamantly denied both allegations. *Id.* His supervisor also implied that Mr. Shaw had stolen company materials (wood). *Id.* ¶ 11. Mr. Shaw told the individuals in the termination meeting that the wood was meant to be discarded and that he had asked for and received permission to take it. *Id.* ¶¶ 12-13. Viking's stated reasons for his termination were false and pretextual and that Viking

discriminated against Mr. Shaw because of his gender. *Id.* ¶ 14. Shaw's position was filled by Rose Simmons, who is described only as "a less experienced employee." *Id.* ¶ 15.

**Applicable Legal Standards**

As both parties have acknowledged, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P 12(c) is "'subject to the same standard[] as a motion to dismiss under Rule 12(b)(6).'" *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381 (5th Cir. 2013) (quoting *In re Great Lakes Dredge & Dock Co*., 624 F.3d 201, 209-10 (5th Cir. 2010)). Under Rule 12(b)(6), courts accept as true all well-pleaded facts and construe the complaint in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). However, courts "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d at 210). A complaint should instead include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At the pleading stage, a court's analysis of a Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* [his] protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (emphasis in original) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). And, a plaintiff is required to "plead **sufficient facts on all of the ultimate elements** of . . . [his] claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir.

2016) (emphasis added). Stated differently, but to the same effect, to state a plausible claim for Tile VII gender discrimination, plaintiff must plead sufficient facts to plausibly support the conclusion that he suffered an adverse employment action and that he suffered that adverse action because of his protected status. *Raj*, 714 F.3d at 331 (quoting *Kanida v. Gulf Coast Med. Personnel LP*, 363 F.3d 568, 576 (5th Cir. 2004)).

In its motion, Viking concedes that Shaw has pled that he suffered an adverse employment action (i.e. he was fired) but contends that he has not asserted a single fact from which it might be plausibly inferred that he was fired because of his gender. [Doc. 32].

In his opposition, Plaintiff agrees that he must allege sufficient facts to support the contention that his termination was because of his gender. [Doc. 40] at 12. "Plaintiff does not dispute the general principles stated in *Raj*, *Chhim*, *Olivarez*, or *Norsworthy*. Those decisions require factual allegations supporting the asserted discriminatory connection." *Id.* However, he alleges that he has sufficiently stated facts to support the contention that his termination was because he was a male by merely asserting that Viking "promoted Plaintiff into the very position at issue, later discharged him on disputed misconduct grounds, and replaced him" with someone less qualified. *Id.* at 13. Indeed, Plaintiff concedes that he has not alleged that his replacement, Rose Simmons, was of a different gender than he, and he does not contend the Court should infer the gender of the replacement. *Id.* at 10. In short, Plaintiff argues instead that if he has failed to state sufficient facts from which to plausibly infer that he was fired because he is a male, then he should be given an opportunity to first amend his Complaint to correct the deficiency pursuant to Fed. R. Civ. P. 15(a)(2) as it "favors amendment when justice so requires" *Id.* at 16.

By way of reply, in addition to again asserting that the Complaint alleges a disputed termination yet no factual basis for attributing it to his gender, Viking alternatively argues that

Shaw's request for leave to file an amended pleading in lieu of a dismissal with prejudice is without merit. [Doc. 42]. Viking argues that Plaintiff improperly seeks leave to amend under Fed. R. Civ. P. 15(a)(2) rather than Fed. R. Civ. P. 16(b) which governs requests for leave to amend made after the deadline for amendment, as set forth in the case management order, has passed. *Id.* Viking correctly asserts that Rule 16(b) provides in pertinent part that a scheduling order "may be modified only for good cause and with the judge's consent" and that the Fifth Circuit applies a four-factor test to determine whether good cause exists to permit an amended pleading beyond the scheduling order deadline. *S&W Enterprises v. Southtrust Bank of Alabama*, 315 F.3d 533, 535-36 (5th Cir. 2003). Those factors include "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. Macdonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Plaintiff has not addressed any of these factors, nor has Plaintiff formally moved to amend, setting forth an explanation of the good cause factors and attaching thereto the proposed amended complaint as required under L.U. Civ. P. 15.

**The Court's Ruling**

The Court finds Viking's assertion that the existing Complaint fails to set forth facts from which it might be plausibly inferred that Plaintiff was terminated because he is a male to be well taken. And further, while the undersigned does not find that Plaintiff has sufficiently pled a basis for leave to amend his complaint, it is appropriate to give Plaintiff an opportunity to formally seek such leave for good cause pursuant to Fed. R. Civ. P. 16(b) and the applicable factors set forth above, inclusive of an attached proposed amended complaint, to which Defendant will then

have an opportunity to respond. Plaintiff shall have fourteen (14) days from the date of this Order, or by October 16, 2026, to seek such leave to amend. Should Plaintiff's effort to amend not succeed, this action will then be dismissed pursuant to Fed. R. Civ. P. 12(c).

**SO ORDERED**, this, the 2nd day of October, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**